UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETOSKEY PLASTICS, INC, ET AL,

    Plaintiffs,

v.

BLUE CROSS BLUE SHIELD OF MICHIGAN,

    Defendant.
                                        /

Case No. 12-15642

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS UNDER RULE 12(b)(6) [18] AND CANCELLING JUNE 12, 2013 HEARING**

This case is one of at least twenty related cases pending in the Eastern District of Michigan. All are brought by private entities and their self-insured health care plans against the administrator of those plans, Defendant Blue Cross Blue Shield of Michigan ("Blue Cross").[1] Similar to the complaints filed in the related cases, Plaintiffs Petoskey Plastics, Inc. ("Petoskey") and Petoskey Plastics, Inc. Cafeteria Benefit Plan ("Plan") (collectively "Plaintiffs") filed a complaint alleging that Blue Cross violated federal and state law when it implemented a scheme to secretly obtain more administrative compensation, in the form of hidden fees, than it was entitled to under the Administrative Services Contract ("ASC") that governs the parties' relationship and has been for years charging Plaintiffs hidden administrative fees in addition to disclosed contractual fees. Specifically, Plaintiffs'

---

[1] On March 6, 2013, this Court denied Plaintiffs' motion to consolidate this action with another action pending before Judge Victoria Roberts. (ECF No. 25.)

complaint alleges that Blue Cross violated the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.* (Counts I-II), Michigan's Nonprofit Health Care Corporation Reform Act (Count III), and Michigan's Health Care False Claims Act (Count IV). It also alleges that Blue Cross breached its contract with Plaintiffs or, in the alternative, breached the covenant of good faith and fair dealing (Count V) and breached its common law fiduciary duties (Count VI). Finally, it alleges that Blue Cross is liable for conversion (Count VII), fraud and misrepresentation (Count VIII), and silent fraud (Count IX).

This matter is now before the Court on Defendant Blue Cross's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court finds that the facts and legal arguments are adequately presented in the parties' pleadings and that the decision process would not be significantly aided by oral argument. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), it is hereby ORDERED that Defendant's motion to dismiss [18] be resolved as submitted, and the hearing previously scheduled for Defendant's motion on June 12, 2013 is hereby CANCELLED.

For the reasons that follow, the Court GRANTS IN PART and DENIES IN PART Defendant Blue Cross's motion to dismiss.

**I.    Rule 12(b)(6) Standard of Review**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. In a light most favorable to the plaintiff, the court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief. *See Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the

complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 679 (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* (internal quotation marks and citation omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* at 678 (internal quotation marks and citation omitted).

**II. Analysis**

In its motion to dismiss, Blue Cross argues that Plaintiffs' ERISA claims are time-barred because the ASC provided Plaintiffs with actual knowledge of the challenged fees

3

more than three years before this litigation was filed, and Plaintiffs' state-law claims are preempted by ERISA. Plaintiffs' ERISA claims are addressed first.

### A. Plaintiffs' ERISA Claims

Plaintiffs' response argues that the ERISA claims should not be dismissed because their complaint alleges that they did not discover Blue Cross's breach of its ERISA fiduciary duty or ERISA violations until 2012 due to Blue Cross's fraudulent concealment of its hidden fees and thus the longer, six year statute of limitations period provided under ERISA, 29 U.S.C. § 1113, applies. *See, e.g.*, Pls.' Compl., ¶¶ 62, 63, 71, 82, 84-85, 91-92. This Court agrees with Plaintiffs and those Judges in this District addressing the identical arguments raised here and denying identical Rule 12(b)(6) motions to dismiss as to identical ERISA claims. *See, e.g., East Jordan Plastics, Inc., et al. v. Blue Cross Blue Shield of Michigan*, No. 12-cv-15621 (E.D. Mich. May 3, 2013) (Drain, J.), Order denying in part Defendant's motion to dismiss at 8-10 (ECF No. 27); *Lumberman's, Inc., et al. v. Blue Cross Blue Shield of Michigan*, No. 12-15606 (E.D. Mich. May 13, 2013) (Duggan, J.), Order denying in part Defendant's motion to dismiss at 9-10 (ECF No. 30); and *Computer & Engineering Services, Inc., et al. v. Blue Cross Blue Shield of Michigan*, No. 12-15611 (E.D. Mich. May 13, 2013) (Duggan, J.), Order denying in part Defendant's motion to dismiss at 9-10 (ECF No. 30).

As stated above, Plaintiffs' complaint alleges that, as a result of Blue Cross's fraudulent concealment, they only discovered the challenged hidden fees in 2012. Considering those factual allegations to be true, as the Court is required to do on a Rule 12(b)(6) motion, it denies Blue Cross's motion to dismiss Plaintiffs' ERISA claims. Moreover, as Judges Roberts, Drain, and Duggan have already held in related cases, the

Michigan Court of Appeals' resolution of the plaintiff's state-law claims in *Calhoun County v. Blue Cross Blue Shield of Michigan*, 824 N.W.2d 202 (Mich. Ct. App. 2012), does not control the resolution of the ERISA claims that Plaintiffs assert here. *See id; see also Borroughs Corp. v. Blue Cross Blue Shield of Michigan*, Nos. 11-12565 and 11-12577, 2012 WL 3887438, *3-4 (E.D. Mich. Sept. 7. 2012). Accordingly, Defendant Blue Cross's motion to dismiss is denied as to Plaintiffs' ERISA claims.

The Court now addresses Defendant's motion seeking dismissal of Plaintiffs' state-law claims.

### B. Plaintiffs' State-Law Claims

As to the state-law claims alleged in the complaint (Counts III-IX), Plaintiffs accept Judge Roberts' decision in *Borroughs*, 2012 WL 3887438 at *10, that the state law claims are preempted in favor of the express ERISA claims. (Pls.' Resp. at 19.) Accordingly, Defendant Blue Cross's motion to dismiss is granted as to Plaintiffs' state-law claims.

### III. Conclusion

For the foregoing reasons, Defendant's motion to dismiss is GRANTED IN PART and DENIED IN PART. It is DENIED as to Plaintiffs' ERISA claims (Counts I and II), and GRANTED as to Plaintiffs' state-law claims (Counts III-IX).

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: May 23, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 23, 2013, by electronic and/or ordinary mail.

s/Johnetta M. Curry-Williams
Case Manager
Acting in the Absence of Carol Hemeyer